UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAWN SHUBY

V.                                                            D.N. 3:25 cv _____

YALE UNIVERSITY                                               APRIL 25, 2025

## COMPLAINT

### I. Parties

1. The Plaintiff, Dawn Shuby is a resident of Shelton, Connecticut and a member of protected classes being 55 years old (DOB: 10/14/1969) and disabled (disabilities involving both liver and brain).

2. The Defendant, Yale University in a University located in New Haven, Connecticut.

### II. Jurisdiction, Venue and Equitable Relief

3. This action against Defendant Yale arises under the Americans With Disabilities Act 42 U.S.C. Section 12101 and the Age Discrimination in Employment Act 29 U.S.C. Section 621. It also arises under Connecticut General Statutes Sections 46a-60(a)(1). This Honorable Court has jurisdiction over this action pursuant both Federal Acts.

4. The Plaintiff has exhausted the administrative remedies made available to her by filing her claims with the Connecticut Commission on Human Rights and Opportunities ("CCHRO") Case Number 24-30719 and the Equal Employment Opportunities Commission ("EEOC") and then requesting a release of jurisdiction and having the request granted by way of a "Release of Jurisdiction" from the CCHRO dated March 7, 2025 (attached).

5. Venue is proper in this District because a substantial part of the events giving rise to Plaintiff's claim arose here and one or more of the breaches of which Plaintiff complains occurred here.

### III. Statement of Facts:

6. The Plaintiff began employment with respondent Yale University in September, 2005 as a full time Medical Assistant.

7. The Plaintiff is 55 years old (DOB: 10/14/1969) and has disabilities involving both her Liver and her Brain.

8. When the Plaintiff began employment with the Defendant, her job duties included but were not limited to; assisting nurses and doctors with patient preparation including taking vital signs, entering data into Epic, point of care testing, ordering lab work, call backs and scheduling.

2

9. In December, 2022, the Plaintiff had blood work done which indicated that she was having issues with her liver.

10. Shortly thereafter, she was admitted to Yale New Haven Hospital and was diagnosed with liver disease. She was told she would need a liver transplant. The Plaintiff started medication.

11. The Plaintiff became very sick. Yale New Haven told her she needed to be placed on the liver transplant list.

12. The Plaintiff was required to do a lot of testing.

13. In January of 2023 the Plaintiff was admitted to Yale New Haven Hospital. The doctors did more testing which involved many procedures. The Plaintiff was there for about a week and was discharged.

14. On January 2, 2023, the Plaintiff went out on short term disability which became long term disability after about six months (July, 2023).

15. In March, 2023, the Plaintiff was hospitalized for a brain bleed. The Plaintiff went into an acute care setting, had emergency surgery and was in the hospital for a week.

16. The Plaintiff went home and was informed of physical restrictions.

17. By way of letter dated April 15, 2024 from Yale University, the Plaintiff was terminated from her employment.

18. The Plaintiff's termination was due to her age and her my disabilities (brain and liver). An employee of Defendant Yale stated; "Dawn is not as sharp as she used to be".

19. After her termination, the Plaintiff applied to numerous positions with Yale University and was never offered a position. Yale's failure to rehire the Plaintiff was based on her age and disabilities.

20. The Plaintiff has been damaged by the discriminatory termination and failure to rehire.

**IV. Count One: Violation of The Americans With Disabilities Act, 42 U.S.C. Section 12101**:

21. The Defendants violated The Americans With Disabilities Act, 42 U.S.C. Section 12101 as Amended by discriminating against the Plaintiff on account of her disabilities (liver and brain).

**V. Count Two: Violation of Connecticut General Statutes Section 46a-60**

22. The Defendants violated the provisions of Connecticut General Statutes Section 46a-60 by discriminating against the Plaintiff on account her disabilities (liver and brain).

4

**VI. Count Three: Violation of the Age Discrimination in Employment Act, 29 U.S.C. Section 621**

23. The Defendants violated the Age Discrimination in Employment Act, 29 U.S.C. Section 621 by discriminating against the Plaintiff based upon her age (55 years old).

**VII.   Count Four: Violation of Connecticut General Statutes Section 46a-60 (Age Discrimination):**

24. The Defendants violated Connecticut General Statutes Section 46a-60 by discriminating against the Plaintiff on account her age (55 years old).

**VIII. Damages/Prayer for Relief:**

25. As a result of Defendants unequal treatment and discriminatory treatment of the Plaintiff, the Plaintiff has suffered financial and emotionally. Her career path has been forever altered negatively and she has lost opportunities for employment.

26. As to all Counts, the Plaintiff prays for the following:

    a. Compensatory Damages;

    b. Economic Damages;

c. Equitable Damages;

d. Attorney's Fees and Costs;

e. Punitive Damages;

g. All Other Damages Available.

THE PLAINTIFF:

By: /s/ Daniel H. Kryzanski ct 15620
Daniel H. Kryzanski, Esq.
Law Offices of Daniel H. Kryzanski
30 Ferry Blvd. #2
Stratford, CT 06615
Phone: (203) 380-1384
Fax: (203) 380-1598
Bar: CT 15620

## STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

<u>Dawn Shuby</u>
**COMPLAINANT**

vs.

CHRO No. 2430719

EEOC No. 16A202401343

<u>Yale University</u>
**RESPONDENT**

### RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

<u>The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.</u>

DATE: <u>March 7, 2025</u>

*Tanya A. Hughes*
Tanya A. Hughes, Executive Director

cc:
   Complainant's Attorney: Daniel Kryzanski, Esq.
      danielkryzanski@gmail.com

   Respondent's Atty.: Vannessa Martinez-Cecchini, Esq.
      Vannessa.martinez@yale.edu