UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| | : | |
| DAWN SHUBY | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO. |
| | : | 3:25cv645 |
| vs. | : | |
| | : | |
| YALE UNIVERSITY | : | JUNE 16, 2025 |
| | : | |
| Defendant | : | |
| | : | |

## RULE 26(f) REPORT OF PARTIES' PLANNING MEETING

Please enter the appearance of Matthew H. Geelan, as attorney for the Defendant, Yale University, in the above-entitled matter.

Date Complaint Filed:             April 24, 2025

Date Defendant Served:         Complaint and Waiver of Summons form received on or about May 7, 2025

Date of Defendant's Appearance:     June 4, 2025

Pursuant to Federal Rules of Civil Procedure 16(b), 26(f) and D. Conn. L. Civ. R. 16, undersigned counsel for the parties conferred electronically between June 11, 2025 and June 16, 2025. The participants were Daniel Kryzanski for the Plaintiff and Matthew Geelan for the Defendant, Yale University.

## I.    CERTIFICATION

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a

prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II.    JURISDICTION

### A.    SUBJECT MATTER JURISDICTION

Plaintiff alleges subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

### B.    PERSONAL JURISDICTION

Defendant does not contest personal jurisdiction.

## III.    BRIEF DESCRIPTION OF CASE

### A.    CLAIMS OF PLAINTIFF

Plaintiff claims she was discriminated against on the basis of both her age and disabilities including brain bleed. Plaintiff claims she was terminated due to both her age and disabilities. When she attempted to return to work at Yale, she was told she "did not seem herself". Furthermore, when she attempted to reapply for employment at Yale she was told there were not positions available for her.

### B.    DEFENSES AND CLAIMS OF DEFENDANT

The plaintiff's employment was terminated in accordance with the terms of her Collective Bargaining Agreement ("CBA") following the plaintiff's leave of absence of more than one year. The defendant denies that it discriminated against the plaintiff in any way. Further, the defendant asserts that the plaintiff has failed to properly allege claims of age or disability discrimination under either federal or state law.

IV.    **STATEMENT OF UNDISPUTED FACTS**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.  The parties state that the following material facts are undisputed:

1.    The plaintiff's date of birth is October 14, 1969.

2.    The plaintiff began her employment with Yale University in September of 2005 and was employed as a full time Medical Assistant in the Department of Student Health and Athletic Medicine.

3.    The plaintiff was a union employee and as of the events alleged in the Complaint, the Collective Bargaining Agreement ("CBA") between Yale University and her union provides for the release of a position after a leave of absence of six months and termination of employment after a leave of absence of one year.

4.    The plaintiff began a leave of absence on January 3, 2023.

5.    By way of letter dated October 2, 2023, the plaintiff was notified by Yale University that her position was being released.

6.    By way of letter dated April 16, 2024, the plaintiff was notified by Yale University that she had reached the one-year leave of absence limit defined in her CBA as of January 2, 2024, and that her employment relationship with the University was terminated effective April 10, 2024. This letter also advised the plaintiff of her continuing rights under the CBA should she be cleared to work within the next five years.

V.      **CASE MANAGEMENT PLAN**

A.      **INITIAL DISCLOSURES**

The parties have agreed not to exchange initial disclosure at this time.

B.      **SCHEDULING CONFERENCE**

1.      The parties request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2.      The parties prefer that a scheduling conference, if held, be conducted by telephone.

C.      **EARLY SETTLEMENT CONFERENCE**

1.      The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2.      The parties do not request an early settlement conference.

3.      The parties prefer a settlement conference, when such a conference is held, with a Magistrate Judge.

4.      The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

D.      **JOINDER OF PARTIES, AMENDMENT OF PLEADINGS, AND MOTION ADDRESSED TO THE PLEADINGS.**

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

1.      Plaintiff will be allowed until August 1, 2025 to file motions to join additional parties and until August 1, 2025 to file motions to amend the pleadings.  Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules; a showing of good cause for the delay.

2.      Defendant will be allowed until September 2, 2025 to file motions to join additional parties and until September 2, 2025 to file a response to the complaint, or any amended complaint.  Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

**E.    DISCOVERY**

a.   The parties have considered the scope of discovery permitted under Fed R. Civ. P. 26(b)(4).

b.   The parties anticipate that discovery will be needed on the following subjects: (a) the allegations of the Complaint and (b) Defendants' defenses.

c.   All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by October 1, 2025 and completed (not propounded) by December 1, 2026.

d.   Discovery will be conducted in phases.

e.   The parties agree that the discovery should be conducted in stages, with fact discovery to be completed prior to the commencement of expert discovery.  Fact discovery will be completed by July 1, 2026 and expert discovery will be completed by December 31, 2026.

f. The parties anticipate that they will require a total of approximately five depositions of fact witnesses. This figure may change as discovery materials are exchanged. The depositions will commence by October 1, 2025 and be completed by July 1, 2026.

g. At this time, the parties do not anticipate requesting permission to serve more than 25 interrogatories but reserve the right to do so.

h. Plaintiff may call expert witnesses at trial. Defendants may call expert witnesses at trial.

i. The plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which she bears the burden of proof by April 1, 2026. Depositions of such experts will be completed by June 30, 2026. The defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which it bears the burden of proof by October 1, 2026. Depositions of such experts will be completed by December 31, 2026.

j. The plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which she does not bear the burden of proof by April 1, 2026. Depositions of such experts will be completed by June 30, 2026. The defendant will designate all trial experts and provide opposing counsel with reports form retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which it does not bear the burden of proof by October 1, 2026. Depositions of such experts will be completed by December 31, 2026.

k.  A damages analysis will be provided by any party who has a claim or counterclaim for damages by February 2, 2026.

l.  Undersigned counsel believe that conducting electronic discovery will not be necessary in this case.  However, if it is later realized that such discovery is necessary, undersigned counsel agree to discuss in good faith the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.

m.  Undersigned will discuss discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.  The parties agree to the following procedures for asserting claims of privilege after production:  the parties will adhere to the procedure set forth in Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.

**F.    OTHER SCHEDULING ISSUES**

a.    Not applicable.

**G.    SUMMARY JUDGMENT MOTIONS**

Summary judgment motions, which much comply with Local Rule 56, will be filed on or before December 31, 2026.

### H.    JOINT TRIAL MEMORANDUM

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed 60 days following completion of expert discovery (or two months after the Court's decision on dispositive motions, whichever date is later).

## VI.    TRIAL READINESS

The case will be ready for trial three months after the completion of expert discovery. (or three months after the Court's decision on dispositive motions, whichever date is later).

The undersigned agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.


THE PLAINTIFF,                                 THE DEFENDANT,
DAWN SHUBY                                   YALE UNIVERSITY

BY: /s/ *Daniel H. Kryzanski*_____    BY:  /s/ *Matthew H. Geelan*_____
   DANIEL H. KRYZANSKI (CT 15620)        BROCK T. DUBIN (CT 18777)
   LAW OFFICES OF                         MATTHEW H. GEELAN  (CT 26934)
   DANIEL H. KRYZANSKI                    CARMODY TORRANCE SANDAK
   30 Ferry Blvd. #2                      & HENNESSEY, LLP
   Stratford, CT 06615                    741 Boston Post Road, Suite 306
   (203) 380-1598                         Guilford, CT 06437
   (203) 380-1598 - facsimile             (203) 458-9168
   danielkryzanski@gmail.com              (203) 458-4424 - facsimile
                                          bdubin@carmodylaw.com
                                          mgeelan@carmodylaw.com

**<u>CERTIFICATION</u>**

I hereby certify that a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic mail. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated in the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ *Matthew H. Geelan*
_____
MATTHEW H. GEELAN