**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------- x
DAWN SHUBY,                      :
                                :
         Plaintiff,             :
                                :
v.                              :
                                :  Civil No. 3:25-cv-645 (AWT)
YALE UNIVERSITY,                :
                                :
                                :
         Defendant.             :
                                :
------------------------------- x
```

**ORDER RE MOTION TO DISMISS**

For the reasons set forth below, the defendant's Motion to Dismiss (ECF No. 16) is hereby GRANTED.

**I.**

Plaintiff John Shuby has brought a four-count Complaint against defendant Yale University. Count One is a disability discrimination claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101. Count Two is a disability discrimination claim under the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-60. Count Three is an age discrimination claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621. Count Four is an age discrimination claim under CFEPA.

The plaintiff's employment was terminated by Yale University on April 15, 2024. The plaintiff alleges that the "termination was due to her age and her . . . disabilities (brain and liver)." Complaint ¶ 18 (ECF No. 1). She further alleges that an employee of the defendant

stated, "Dawn is not as sharp as she used to be." Id. She does not

identify that employee in any way. "After her termination, the

Plaintiff applied to numerous positions with Yale University and was

never offered a position." Id. ¶ 19. The Complaint alleges that

"Yale's failure to rehire the Plaintiff was based on her age and

disabilities." Id. The plaintiff claims that she "has been damaged by

the discriminatory termination and failure to rehire." Id. ¶ 20.

## II.

When deciding a motion to dismiss under Rule 12(b)(6), the

court must accept as true all factual allegations in the

complaint and must draw inferences in a light most favorable to

the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Although a complaint "does not need detailed factual allegations,

. . . a plaintiff's obligation to provide the 'grounds' of his

'entitle[ment] to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a

cause of action will not do . . . ." Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 555 (2007) (citations omitted) (citing

Papasan v. Allain, 478 U.S. 265, 286 (1986)) (on a motion to

dismiss, courts "are not bound to accept as true a legal

conclusion couched as a factual allegation"). "Nor does a

Complaint suffice if it tenders 'naked assertion[s]' devoid of

'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. 662,

678 (2009) (quoting Twombly, 550 U.S. at 557). "Factual

allegations must be enough to raise a right to relief above the
speculative level, . . . on the assumption that all the
allegations in the Complaint are true (even if doubtful in fact)
. . . ." Twombly, 550 U.S. at 555 (citations and internal
quotations omitted). However, the plaintiff must plead "only
enough facts to state a claim to relief that is plausible on its
face." Id. at 570. "A claim has facial plausibility when the
[claimant] pleads factual content that allows the court to draw
the reasonable inference that the defendant is liable for the
misconduct alleged." Iqbal, 556 U.S. at 678.

"The function of a motion to dismiss is 'merely to assess
the legal feasibility of the Complaint, not to assay the weight
of the evidence which might be offered in support thereof.'"
Mytych v. May Dep't Store Co., 34 F. Supp. 2d 130, 131 (D. Conn.
1999) (quoting Ryder Energy Distribution v. Merrill Lynch
Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984)). The issue
on a motion to dismiss "is not whether [the] plaintiff will
prevail, but whether [the plaintiff] is entitled to offer
evidence to support his claims." United States v. Yale New Haven
Hosp., 727 F. Supp. 784, 786 (D. Conn. 1990) (citing Scheuer,
416 U.S. at 236).

## III.

To state a claim for employment discrimination in violation of
the ADA, the plaintiff must allege facts showing that "(1) the

-3-

employer is subject to the ADA; (2) the plaintiff is disabled within

the meaning of the ADA or perceived to be so by her employer; (3) she

was otherwise qualified to perform the essential functions of the job

with or without reasonable accommodation; (4) she suffered an adverse

employment action; and (5) the adverse action was imposed because of

her disability." Davis v. New York City Dep't of Educ., 804 F.3d 231,

235 (2d Cir. 2015) (internal citation omitted). "While CFEPA and the

ADA are not identical, Connecticut courts apply the same standards to

analyze CFEPA disability claims as are applied to ADA disability

claims." Wanamaker v. Town of Westport Bd. of Educ., 11 F. Supp. 3d

51, 81 (D. Conn. 2014) (internal citation omitted).

The court agrees with the defendant that the plaintiff has failed

to allege facts that could show that any adverse action was imposed

because of her disability.[1] As the defendant contends, the "only

allegation contained in the Complaint purportedly demonstrating a

discriminatory animus on the part of Yale is that an unidentified

employee stated that the plaintiff 'is not as sharp as she used to

be.'" Memorandum of Law in Support of Motion to Dismiss (ECF No. 16-1)

("Def. Mem.") at 10 (quoting Compl. ¶ 18). "In determining whether a

remark is probative, [courts] have considered four factors: (1) who

made the remark (i.e., a decision-maker, a supervisor, or a low-level

co-worker); (2) when the remark was made in relation to the employment

decision at issue; (3) the content of the remark (i.e., whether a

---

[1] The court also agrees with the defendant that the plaintiff has failed to allege facts that could show that she suffers from a disability within the meaning of the ADA and CFEPA, and failed to allege facts that could show that she was a "qualified individual" under the ADA and CFEPA. See Def. Mem. at 4-9.

reasonable juror could view the remark as discriminatory); and (4) the context in which the remark was made (i.e., whether it was related to the decision-making process)." Henry v. Wyeth Pharms., Inc., 616 F.3d 134, 149 (2d Cir. 2010). "Courts in this Circuit have repeatedly granted motions to dismiss where the inference of discriminatory intent rests on stray remarks made by those outside of the plaintiff's chain of command." Williams v. Westchester Med. Ctr. Health Network, 2022 WL 4485298, at *8 (S.D.N.Y. Sept. 27, 2022). Here, there are no factual allegations that provide any information about the employee who made the remark or the context in which the remark was made. "[V]erbal comments may raise an inference of discrimination, but not where they lack a causal nexus to the [discriminatory] decision." DeFranco v. New York Power Auth., 731 F. Supp. 3d 479, 491 (W.D.N.Y. 2024) (internal quotation marks omitted). That is the situation here.

To state a claim for age discrimination under the ADEA, the plaintiff must allege facts that establish: "(1) that she was within the protected age group, (2) that she was qualified for the position, (3) that she experienced [an] adverse employment action, and (4) that the action occurred under circumstances giving rise to an inference of discrimination." Bucalo v. Shelter Island Union Free Sch. Dist., 691 F.3d 119, 129 (2d Cir. 2012) (quoting Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 107 (2d Cir.2010)). "[T]o establish age discrimination under the ADEA, 'a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision.' Lively v. WAFRA Inv. Advisory Grp., Inc., 6 F.4th 293, 303 (2d Cir. 2021) (quoting Gross v. FBL Fin. Servs., 557 U.S. 167, 176 (2009)).

To state a claim for age discrimination under CFEPA, the plaintiff must allege facts which establish: "(1) he is in the protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) that the adverse action occurred under circumstances giving rise to an inference of discrimination." Vollemans v. Town of Wallingford, 103 Conn. App. 188, 220 (2007) (internal citation omitted). "CFEPA . . . requires only that an impermissible consideration was a motivating factor of the adverse action." Bart v. Golub Corp., 96 F.4th 566, 572 n.1 (2d Cir. 2024) (citing Wallace v. Caring Sols., LLC, 213 Conn. App. 605, 626 (2022)).

The court agrees with the defendant that the plaintiff has failed to allege facts that could show, with respect to either the termination of her employment or the failure to rehire her, that the adverse action occurred under circumstances giving rise to an inference of age discrimination.

The plaintiff's age discrimination claims are based on the same stray remark as her disability discrimination claims. A plaintiff must give "plausible support to a minimal inference of discriminatory motive." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 84 (2d Cir. 2015). "An inference of discrimination can arise from circumstances including, but not limited to, the employer's criticism of the plaintiff's performance in . . . terms [that are degrading to her protected class]; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events

-6-

leading to the plaintiff's discharge[;] . . . [or] when an employer replaces a terminated or demoted employee with an individual outside the employee's protected class." Littlejohn v. City of New York, 795 F.3d 297, 312-13 (2d Cir. 2015). Here, there are no factual allegations that provide any information about either the employee who made the remark or the context in which the remark was made. Nor are there any factual allegations describing the circumstances under which the plaintiff's employment was terminated or the defendant decided not to rehire her. Thus, there is no basis for drawing an inference of age discrimination.

## IV.

For the foregoing reasons, all the claims in the Complaint are being dismissed.

The Clerk shall enter a judgment accordingly and close this case.

It is so ordered.

Dated this 8th day of January 2026, at Hartford, Connecticut.

/s/ AWT
_____
Alvin W. Thompson
United States District Judge
